1

2

3

4

5                                                                    JS-6

6

7

8                         UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10    QUINCY PRICE,                    )    Case No. CV 15-4591-ODW (PJWx)
                                       )
11                                     )    ORDER SUMMARILY REMANDING IMPROPERLY
                       Plaintiff,      )    REMOVED ACTION TO SUPERIOR COURT
12                                     )
             v.                        )
13                                     )
      ERIKA MCGEE,                     )
14                                     )
                                       )
15                    Defendant.       )
                                       )
16    _____ )

17        Before the Court is an unlawful detainer action that Defendant

18   Erika McGee removed from the Los Angeles County Superior Court.  For

19   the following reasons, the case is summarily remanded back to that

20   court.

21        In March 2015, Plaintiff Quincy Price filed an unlawful detainer

22   action against Defendant Erika McGee in the Los Angeles County

23   Superior Court, claiming that Defendant owed him $3,100 in past-due

24   rent.  On June 17, 2015, Defendant removed the action to this court,

25   arguing that there was federal question jurisdiction because the

26   resolution of her answer turned on questions on federal law.

27        Generally speaking, federal district courts lack subject matter

28   jurisdiction over unlawful detainer actions like this one because they

1   are grounded in state, not federal, law and do not become federal

2   cases when a defendant raises a federal question as an affirmative

3   defense or counterclaim.  *See Vaden v. Discover Bank*, 556 U.S. 49, 60

4   (2009) ("Federal jurisdiction cannot be predicated on an actual or

5   anticipated defense. . .[or] rest upon an actual or anticipated

6   counterclaim.") (internal citations omitted).  Further, it is clear

7   from the face of the Complaint that there is no diversity jurisdiction

8   under 28 U.S.C. § 1332 because, even if Defendant could establish

9   diversity, the amount in controversy is less than $10,000.  As a

10  result, Defendant's removal of the action was improper and the case

11  will be remanded to the Superior Court for further proceedings.  *See*

12  28 U.S.C. § 1441(a); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 567

13  (9th Cir. 1992).

14       Accordingly, IT IS ORDERED that (1) pursuant to 28 U.S.C.

15  § 1447(c), this case is REMANDED to the Superior Court of California,

16  110 North Grand Ave., Los Angeles, CA 90012; (2) the clerk shall send

17  a certified copy of this Order to the state court; and (3) the clerk

18  shall serve copies of the Order on the parties.

19       IT IS SO ORDERED.

20       DATED: June 24, 2015 _____

21

22                                    _____
                                      OTIS D. WRIGHT, II
                                      UNITED STATES DISTRICT JUDGE

23  Presented by:

24

25  _____
    PATRICK J. WALSH
26  UNITED STATES MAGISTRATE JUDGE

27

28  C:\Users\senglish\Desktop\E McGee.wpd